# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1431


NICOLE MICHELLE CLARK

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2013-2643
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

Adam P. Johnson
Johnson & Verchier, L.L.C.
P. O. Box 849
Lake Charles, LA 70602
(337) 433-1414
COUNSEL FOR PLAINTIFF/APPELLANT:
    Nicole Michelle Clark

Laura C. Hopes
Attorney at Law
P. O. Box 66614
Baton Rouge, LA 70896
(225) 925-4404
COUNSEL FOR DEFENDANT/APPELLEE:
    Louisiana Dept. of Public Safety

**PICKETT, Judge.**

Nicole Clark appeals the judgment of the trial court upholding an administrative adjudication suspending her driver's license for suspicion of driving under the influence of alcohol.

## STATEMENT OF THE CASE

In the early morning hours of December 19, 2012, Calcasieu Parish Sheriff's Deputy Nathan McKee was dispatched to South Park Road in Lake Charles. The dispatch was in response to a call from a local tow truck company that had received a call to tow a vehicle at that location. When Deputy McKee arrived, he found a vehicle off the roadway. No one was in or near the vehicle, and the vehicle was undamaged but muddy. There were skid marks that Deputy McKee believed indicated the vehicle had run off the roadway. He radioed his dispatcher, who informed him that the vehicle was registered to Ms. Clark and that the vehicle had not been reported stolen. Deputy McKee decided to go to Ms. Clark's home and question her. He admitted at the hearing that he suspected that the driver of the vehicle had been driving while intoxicated.

When he arrived at Ms. Clark's residence, Deputy McKee knocked on the door. Ms. Clark's roommate answered. Deputy McKee asked to speak with Ms. Clark. When Ms. Clark came to door, Deputy McKee asked her to come down from the porch. Deputy McKee noted that Ms. Clark's speech was slurred, she swayed while standing, and her eyes were red. She also smelled of alcohol. In response to Deputy McKee's questions, Ms. Clark admitted that she had been driving her vehicle, that she drank three beers, and that she had not had any alcoholic beverages after she left her vehicle. Based on this information, Deputy McKee arrested Ms. Clark. He conducted field sobriety tests, which she failed.

He brought Ms. Clark to the police station, where Ms. Clark submitted to a blood alcohol test. The results showed that her blood alcohol content (BAC) was 0.207%, double the legal limit of 0.08%.

The Department of Public Safety notified Ms. Clark that her driver's license would be suspended for suspicion of driving while intoxicated. Ms. Clark sought review before an administrative hearing. The hearing officer upheld the suspension. Ms. Clark sought judicial review of the decision. Following a trial on September 25, 2013, the trial court upheld the suspension. Ms. Clark now appeals.

## ASSIGNMENT OF ERROR

Ms. Clark alleges one assignment of error:

> The trial court erred in determining based on insufficient evidence that the arresting officer had reasonable grounds to believe Ms. Clark was driving under the influence of alcoholic beverages.

## DISCUSSION

> The Informed Consent Law, LSA-R.S. 32:661-668, "addresses the testing of persons suspected of operating motor vehicles and motor powered watercraft while under the influence of alcoholic beverages or controlled dangerous substances" and provides sanctions for persons who refuse to submit to a chemical test for intoxication or who submit to a chemical test, the results of which are presumptive of intoxication. *Boe v. State*, 558 So.2d 1333, 1335 (La.App. 4th Cir.1990). The statutes also provide the administrative procedures for sanctioning such persons and for review of such decisions. *Id.*

> LSA-R.S. 32:667 authorizes law enforcement officers to seize the driver's license and issue a temporary receipt when a person has been arrested for DWI and either refuses a chemical test or takes the test which results in a finding of a blood alcohol level presumptive of intoxication. A person may request an administrative hearing under LSA-R.S. 32:668(A) to determine whether the law enforcement officer had reasonable grounds to believe that the person who had been driving was under the influence of either alcoholic beverages or illegal controlled dangerous substances.

*Flynn v. State, Dep't of Pub. Safety and Corr.*, 608 So.2d 994, 995-96 (La.1992). The party appealing the decision of the administrative hearing is entitled to a hearing de novo in the trial court. *Id.*

Ms. Clark claims that the state failed to show that Deputy McKee had reasonable grounds to suspect her of driving while intoxicated when he went to her home to question her. Deputy McKee admitted to the trial court that when he arrived at the scene at that time of the night and found a car with no driver that had obviously lost control and run off the road, he began to suspect the driver had been drunk. He gathered information to determine the owner of the vehicle and her home address. When he went to Ms. Clark's home, Deputy McKee asked her roommate to speak to Ms. Clark. Ms. Clark claims that the resultant interaction between her and Deputy McKee constituted an investigatory stop. We disagree. This was a voluntary interaction. The information Ms. Clark provided to Deputy McKee resulted in Ms. Clark's arrest.

Ms. Clark voluntarily agreed to speak to Deputy McKee. Deputy McKee noted immediately that Ms. Clark appeared drunk. He only arrested her for suspicion of drunk driving after Ms. Clark admitted that she had consumed three beers before driving her vehicle, that she had driven the car off the road, and that she had not consumed any alcohol after leaving the car on the side of the road. At that point, Deputy McKee determined that reasonable grounds existed to administer chemical tests under the law. Ms. Clark submitted to the test and does not contest the procedures under which they were administered. The tests revealed that Ms. Clark's BAC was above the legal limit for operating a motor vehicle. Thus, the suspension was properly affirmed by the trial court.

## <u>CONCLUSION</u>

The judgment of the trial court upholding the suspension of Ms. Clark's driver's license is affirmed. Costs of this appeal are assessed to Nicole Clark.

**AFFIRMED.**